# IN THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF OHIO WESTERN DIVISION DAYTON

| | | |
|---|---|---|
| **COURTHOUSE NEWS SERVICE** | : | CASE NO.: 3:23-cv-00329 |
| | : | |
| Plaintiff, | : | Judge Thomas M. Rose |
| | : | |
| vs. | : | |
| | : | |
| | : | **MOTION TO DISMISS** |
| **MIKE FOLEY** | : | |
| **CLERK OF THE MONTGOMERY** | : | |
| **COUNTY COURT OF COMMON** | : | |
| **PLEAS** | : | |
| | : | |
| Defendant. | : | |

Defendant Montgomery County Clerk of Courts Mike Foley ("Defendant Clerk"), by and through statutory counsel of the Montgomery County Prosecutor's Office, hereby submits his Motion to Dismiss the instant action as the Clerk of Courts is not *sui juris* and is therefore not an entity capable of suing or being sued. A Memorandum in Support is attached below.

          Respectfully submitted,
          MATHIAS H. HECK, JR.
          PROSECUTING ATTORNEY

          By:   /s/ Nathaniel S. Peterson
          Nathaniel S. Peterson, #0095312
          Assistant Prosecuting Attorney
          Montgomery County Prosecutor's Office
          301 West Third Street
          P.O. Box 972
          Dayton, Ohio 45422
          Telephone: (937) 225-3499
          Fax Number: (937) 225-4822
          E-mail: petersonn@mcohio.org
          Attorney for Defendant, Montgomery County Clerk of Courts Mike Foley

**MEMORANDUM IN SUPPORT**

"A motion to dismiss may be granted under Fed. R. Civ. P. 12(b)(6) only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Sistrunk v. City of Strongsville*, Sixth Cir. App. No. 95-3067, 99 F. 3d 194, 197 1996 U.S. App. LEXIS 27877 at 7-8, 1996 FED App. 0342P at 5(6th Cir.) (October 29, 1996). "Thus, a 12(b)(6) motion tests whether the plaintiff has stated a claim for which the law provides relief." *Cheriee Gazette v. City of Pontiac*, Sixth Cir. App. No. 93-1827, 41 F.3d 1061, 1064, 1994 U.S. App. LEXIS 34269 at 7, 1994 FED App. 0405P at 5 (6th Cir.) (December 8, 1994). "To survive a motion to dismiss, the plaintiff must demonstrate that the defendant has the legal capacity to sue and to be sued; in other words, that the defendant is *sui juris*." *Urb. Necessities 1 Stop Shop LLC v. City of Cleveland*, United States District Court for the Northern District of Ohio, Eastern Division, Case No. 1:22-cv-2014, 2023 U.S. Dist. LEXIS 174880 at 6, 2023 WL 6383825 (September 29, 2023).

"Under Federal Rule of Civil Procedure 17(b)(3), the capacity to sue or to be sued in federal court is determined by the law of the state in which that court is located. The Supreme Court of Ohio has held that, absent statutory authority, Ohio courts are not *sui juris*." *Williams v. Franklin Cty. Mun. Court*, United States District Court for the Southern District of Ohio, Eastern Division, Case No. 2:10-cv-1155, 2011 U.S. Dist. LEXIS 165627 at 8, 2011 WL 13160383 (August 22, 2011). This Court has previously found that the Montgomery County Common Pleas Court is not *sui juris* and therefore is an entity that is incapable of suing or being sued. *See Black v. Montgomery County Common Pleas Court*, United States District Court for Southern District of Ohio, Western Division, Case No. 3:18-cv-00123, 2018 U.S. Dist. LEXIS 93697 at 3, 2018 WL 2473560 (June 4, 2018); see also *Jones v. Singer*, United States District Court for the

Southern District of Ohio, Western Division, Case No. 3:16-cv-142, 2017 U.S. Dist. LEXIS 6176 at 2 (January 17, 2017) ("Also, as to her Section 1983 claims against Montgomery County Common Pleas Court, those claims are barred by the Eleventh Amendment of the United States Constitution in addition to the fact the Court is not *sui juris* and cannot be sued in its own right.") Furthermore, "[b]ecause the Clerk's Office is simply an administrative unit of the county court, it too is not *sui juris*." *Johnson v. Cuyahoga Cnty. Juvenile Court Clerk's Office*, United States District Court for the Northern District of Ohio, Case No. 1:21-cv-02109, 2023 U.S. Dist. LEXIS 17921 at 18, 2023 WL 1469465 (February 2, 2023).

Plaintiff may attempt to differentiate the instant case, involving a request for an injunction and declaratory judgment, rather than a request for monetary damages. However, the relief requested does not change the statutory definition of an office within county government. Furthermore, even when the relief requested involves injunctive relief, an entity still must be *sui juris* before a lawsuit can proceed against it. See generally, *Llyod v. Pokorny*, United States District Court for the Southern District of Ohio, Eastern Division, Case No. 2:20-cv-2928, 2020 U.S. Dist. LEXIS 137399 at 18-19, 2020 WL 4455547 (August 3, 2020) (dismissing a pro se complaint against numerous entities – including the Portage County Clerk of Courts – which included relief involving a new trial, injunctive relief, and monetary damages); see also, *Harris v. Stephens*, United States District Court for the Southern District of Ohio, Eastern Division, Case No. 2:18-cv-600, 2019 U.S. Dist. LEXIS 222911 at 5, 2019 WL 7343252 (December 31, 2019) (ruling that, in determining whether the Columbus Division of Police is an entity capable of being sued, "[t]he status of [Columbus Division of Police] is not fluid. It does not change depending on the nature of what is alleged in the pleadings or what facts come out during the course of discovery. Whether [Columbus Division of Police] can be sued is a legal question the

Court can answer right now. As this Court previously articulated, "[p]olice departments are not *sui juris*; they are merely sub-units of the municipalities they serve.); see also *Gipson v. Hamilton Cnty. Common Pleas Court*, United States District Court for the Southern District of Ohio, Western Division, Case No. 1:22-cv-764, 2023 U.S. Dist. LEXIS 105241, 2023 WL 4030892 (June 15, 2023).

In the instant case, plaintiff has sued only "Mike Foley, in his official capacity as Clerk of the Montgomery County Court of Common Pleas."  DOC#1. However, as discussed above, the Clerk of Court, acting in his official capacity, is not a separate entity capable of being sued. In fact, the Clerk is merely an arm of the Court of Common Pleas and neither the Court, nor the Clerk, have the capacity to sue or to be sued. It is immaterial the type of relief requested by the plaintiff; the legal question is one of *capacity*, which as discussed in *Stephens* above is not a 'fluid' concept but is defined by Ohio law. A defendant's motion to dismiss must be granted where a defendant is not *sui juris*. *Urb. Necessities 1 Stop Shop LLC*, at 6. Thus, because Defendant Clerk is not *sui juris* under Ohio law, the instant action must be dismissed against Defendant Clerk.

    Respectfully submitted,
    MATHIAS H. HECK, JR.
    PROSECUTING ATTORNEY

    By:    /s/ Nathaniel S. Peterson
    Nathaniel S. Peterson, #0095312
    Assistant Prosecuting Attorney
    Montgomery County Prosecutor's Office
    301 West Third Street
    P.O. Box 972
    Dayton, Ohio 45422
    Telephone: (937) 225-3499
    Fax Number: (937) 225-4822
    E-mail:  petersonn@mcohio.org

                                        Attorney for Defendant, Montgomery
                                        County Clerk of Courts Mike Foley

### **CERTIFICATE OF SERVICE**

      I certify that on the 13th day of December 2023, I electronically filed the foregoing Notice of Appearance with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to CM/ECF participants.

                                        By: /s/ Nathaniel S. Peterson
                                        Nathaniel S. Peterson (0095312)
                                        Assistant Prosecuting Attorney