IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| COURTHOUSE NEWS SERVICE, | : | CASE NO. 3:23-cv-329 |
| Plaintiff, | : | (Judge Thomas M. Rose) |
| v. | : | **MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS** |
| MIKE FOLEY, in his official capacity as Clerk of the Montgomery County Court of Common Pleas, | : | |
| | : | |
| Defendant. | : | |

In his Motion to Dismiss the Complaint of Courthouse News Service ("CNS") [Doc. 10] ("Motion"), Defendant Mike Foley ("Foley") seeks to prevent this Court from considering the merits of the Complaint by relying on technicalities that are not supported by the facts or the law. This Court should deny the Motion.

Foley contends that CNS has asserted a claim against the "office" of the Clerk of Courts. But that is not the case. The Complaint names specifically the individual Clerk—Mike Foley. He is certainly capable of suing and being sued and is sui juris. This point is made clear in a case that Foley cites in support of his argument—*Johnson v. Cuyahoga Cnty. Juvenile Court Clerk's Office*, No. 1:21-cv-02109, 2023 U.S. Dist. LEXIS 17921, at *18 (N.D. Ohio Feb. 2, 2023). There, a plaintiff sued the Clerk's Office but also sued individual employees of the Office. The Court dismissed the claims against the Office but denied the motion to dismiss the claims against the individual employees. *Id*.

Similarly, in S*tate ex rel. Andrews v. Lake Cnty. Court of Common Pleas*, the Clerk of Courts for Lake County, Ohio, brought suit against the Lake County Court of Common

Pleas and the individual judges of that court.  170 Ohio St.3d 354, 2020-Ohio-4189, 212 N.E.3d 914, ¶ 1.  The Ohio Supreme Court ruled that the "court of common pleas" was not sui juris, but the Clerk and the individual judges were.  *Id*. at fn.1.

In the recent case of *Courthouse News Serv. v. O'Shaughnessy,* No. 2:22-cv-2471, 2023 U.S. Dist. LEXIS 48712 (S.D. Ohio Mar. 21, 2023), the United States District Court for the Southern District of Ohio recognized that in an action seeking access to newly filed civil complaints, the Clerk of Court is an appropriate defendant.

To the extent Foley is seeking to invoke sovereign immunity, that is not appropriate here.  An action against a "clerk of court" with "administrative authority" over allegedly unconstitutional acts "falls squarely within the *Ex parte Young*[, 209 U.S. 123 (1908)] doctrine and is not barred by…. sovereign immunity."  *Kodiak Oil & Gas (USA) Inc. v. Burr*, 932 F.3d 1125, 1131-32 (8th Cir. 2009); *Courthouse News Serv. v. Hade*, 580 F. Supp. 3d 289, 292 (E.D. Va. 2022) (denying motion to dismiss because Executive Secretary of the Office of the state Supreme Court within *Ex parte Young*); *Kentucky Press Ass'n v. Kentucky*, 355 F. Supp. 2d 853, 856, 861 (E.D. Ky. 2005) (action against "Clerk of the Franklin District and Circuit Courts" for violating First Amendment by denying access to "proceedings and records" not barred by Eleventh Amendment).

Courts may and do hold claims against a "Clerk" for "prospective injunctive relief…. in her official capacity…. would not be barred by the Eleventh Amendment."  *Udoh v. Clerk of Minn. App. Cts.*, No. 21-CV-1031, 2021 U.S. Dist. LEXIS 96054, at *3 (D. Minn. May 20, 2021); *Bostic v. Schaefer*, 760 F.3d 352, 371 & n.3 (4th Cir. 2014) ("Clerk for the Circuit

2

Court" a "proper defendant under *Ex parte Young*" because he "bears the requisite connection to the enforcement" of challenged law).

"The *Ex parte Young* doctrine rests on the premise 'that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes.'"  *Kodiak Oil*, 932 F.3d at 1131 (quoting *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011)).  That is the "precise situation" to which the *Young* "doctrine is limited."  *Virginia Office*, 563 U.S. at 255.

"In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'"  *McDaniel v. Precythe*, 897 F.3d 946, 951-52 (8th Cir. 2018) (rejecting argument that journalist's lawsuit over denial of access to witness executions barred by Eleventh Amendment) (citation omitted).  For all of these reasons, the United States Court of Appeals found that a case such as this "checks all the *Ex parte Young* boxes." *Courthouse News Serv. v. Gilmer,* 48 F. 4th 908, 911 (8th Cir. 2022).

In addition, the United States Supreme Court has ruled that "[a] local government may not be sued under [42 U.S.C.S.] § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under [42 U.S.C.S.] § 1983." *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 695 (1978).  Here, CNS alleges that the denial of timely access to newly filed civil complaints results from official policy implemented by Foley.

Complaint [Doc. 1], ¶ 36.  *See also Jackson v. Adult Parole Auth.*, No. 1:19 CV 2339, 2020 U.S. Dist. LEXIS 23120 (N.D. Ohio Feb. 11, 2020).  Foley is an appropriate defendant.

Foley is also an appropriate defendant because CNS alleges he was personally involved in the activities which form the basis of the alleged unconstitutional behavior.  *See Armstrong v. Mahoning Cty. Justice Ctr.*, No. 4:20CV2716, 2021 U.S. Dist. LEXIS 74412, at *6-8 (N. D. Ohio April 18, 2021), citing *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976) and *Mullins v. Hainesworth*, No. 95-3186, 1995 U.S. App. LEXIS 36082 (6th Cir. Sept. 20,1995).  *See* Complaint [Doc. 1], ¶ 42; *see also Stuart v. Mentor Police Dept.*, No. 1:22 CV 782, 2022 U.S. Dist. LEXIS 95086 (N.D. Ohio May 26, 2022).

Foley misstates the holding in *Lloyd v. Porkony*, 2020 U.S. Dist. LEXIS 137399 (S.D. Ohio Aug. 3, 2020).  Foley contends in that case that the Court dismissed claims for injunctive relief.  That is not true.  As the Lloyd court noted, "[t]he motion to dismiss cannot be granted in its entirety, however, because the motion asks for every claim against the Portage Defendants to be dismissed but the Portage Defendants have failed to ask for and justify dismissal of every claim.  As a result of the *Ex Parte Young* doctrine described above, there remain claims against the Individual Portage Defendants in their official capacities for injunctive relief as a result of ongoing violations of federal law."  *Id*.  at *30-31.

Foley cites to no supporting precedent involving a claim for injunctive relief arising from an allegation that a public official who directly maintains a policy that deprives a plaintiff's constitutional rights.  There is none, nor should there be any.  Were Foley's interpretation of the law accurate, he could withhold newly filed civil complaints for as long as he wished, with no accountability.  But that is not the law.  CNS seeks injunctive relief to stop

4

the ongoing implementation of a policy that deprives CNS of it First Amendment right to access newly filed civil complaints. CNS has plead this case properly, and Foley is the appropriate defendant. This Court should deny the Motion to Dismiss.

Respectfully submitted,

/s/ John C. Greiner
John C. Greiner (0005551)
Darren W. Ford (0086449)
FARUKI PLL
201 East Fifth Street, Suite 1420
Cincinnati, OH 45202
Telephone: (513) 632-0315
Fax: (513) 632-0319
Email: jgreiner@ficlaw.com
       dford@ficlaw.com

Attorneys for Plaintiff
Courthouse News Service

**CERTIFICATE OF SERVICE**

I certify that on the 2nd day of January, 2024, I electronically filed the foregoing Memorandum in Opposition to Motion to Dismiss with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to CM/ECF participants:

Nathaniel S. Peterson, Esq.
Assistant Prosecuting Attorney
Montgomery County Prosecutor's Office
301 West Third Street
P.O. Box 972
Dayton, Ohio 45422
petersonn@mcohio.org

Attorney for Defendant, Montgomery County Clerk of Courts Mike Foley

/s/ John C. Greiner
John C. Greiner

4866-0293-9801.1
12/28/2023