UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| COURTHOUSE NEWS SERVICE, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:23-cv-00329 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | Magistrate Judge Caroline H. Gentry |
| MIKE FOLEY, in his official capacity as Clerk of the Montgomery County Court of Common Pleas, | : : : | |
| | : | |
| Defendant. | | |

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS
(DOC. NO. 10)**

Presently before the Court is the Motion to Dismiss ("Motion") of Defendant Mike Foley, Montgomery County Clerk of Courts, ("Defendant") (Doc. No. 10). Defendant argues this action should be dismissed because the Clerk of the Montgomery County Court of Common Pleas ("MCCCP") is not *sui juris* and therefore an entity incapable of being sued. (Doc. No. 10.) For the reasons discussed below, the Court **DENIES** the Motion.[1]

**I.    BACKGROUND**

Plaintiff is a nationwide news service covering trial and appellate courts at the state and federal level in all 50 states. (Doc. No. 1 at PageID 4.) Plaintiff reports civil litigation news to over 2,300 subscribers, including law firms, law schools, government offices, and other news outlets. (*Id*. at PageID 7.) In Ohio, Plaintiff publishes the *Cincinnati Reporter*, which covers new litigation throughout southern Ohio, including Montgomery County. (*Id.* at PageID 6.) Plaintiff's

---

[1] The Court acknowledges the valuable contribution and assistance of judicial extern Abbigayle Qiu in drafting this opinion.

reporters review nonconfidential civil complaints filed with the larger Ohio state courts to include in their nightly updates. (*Id.* at PageID 8.)

Defendant, Mike Foley, in his official capacity as Clerk of the Montgomery County Court of Common Pleas ("MCCCP"), is responsible for the administration of court records. (*Id.* at PageID 5, 24-26.) Plaintiff contends that Defendant's current policy requires all newly filed civil complaints be withheld until Defendant's staff members have completed their clerical tasks to process the complaints. (*Id.* at PageID 10.) As a result, Plaintiff and other members of the press experience access restrictions to new civil complaints, with nearly half of the new complaints being inaccessible for one or more days. (*Id.*)

Plaintiff filed their Complaint for Declaratory and Injunctive Relief ("Complaint") on October 10, 2023 (Doc. No. 1). Defendant filed the present Motion on December 12, 2023 (Doc. No. 10) and Plaintiff filed their opposition on January 2, 2024 (Doc. No. 11). Defendant did not file a reply. The matter is fully briefed and ripe for review and decision.

## II. <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this rule "does not require 'detailed factual allegations' … it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6) (providing for motions to assert a "failure to state a claim upon which relief can be granted"). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face." *Iqbal*, 556 U.S. at 678. A claim is facially plausible when it includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard is not the same as a probability standard, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks omitted). Thus, if a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

When ruling on a motion to dismiss, the Court must accept the factual allegations of the complaint as true and construe them in a light most favorable to the non-moving party. *Twombly*, 550 U.S. at 554-55. However, the Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Id*. at 555-56. "In evaluating a motion to dismiss [a court] may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016) (internal quotation marks omitted).

### III. ANALYSIS

Defendant argues that the Court should dismiss the present action because the Clerk of Courts is not *sui juris*. (Doc. No. 10 at PageID 46.) Specifically, Defendant argues that Plaintiff's Complaint names the Clerk's Office, which is an administrative unit of MCCCP. According to Defendant, Ohio courts are not *sui juris* and the Clerk's Office, as an extension of MCCCP, is consequently incapable of being sued. (*Id*. at PageID 47-48.)

In response, Plaintiff argues that the Complaint names the individual Clerk, Mike Foley, rather than naming the "office" of the Clerk of Courts. (Doc. No. 11 at PageID 51.) Plaintiff

3

contends that Defendant, as an individual in his official capacity, is *sui juris* and capable of being sued. (*Id*. at PageID 52.) Plaintiff further asserts that any invocation of sovereign immunity by Defendant also fails, as he has administrative authority over allegedly unconstitutional acts. (*Id*. at PageID 52-53.) The Court will address each argument in turn.

    A. *Sui Juris*

Generally, capacity to be sued in a United States district court is governed by Fed. R. Civ. P. 17(b)(3), which provides that capacity to be sued, for an entity such as a county, is determined "by the law of the state where the court is located. . . ." Under Ohio law, a county may be sued if it "adopt[s] a charter or alternative form of government. . . ." Ohio Rev. Code § 301.22. Therefore, a county generally is not sui juris unless the terms of § 301.22 are met.

The Ohio Supreme Court has held that Ohio courts are not *sui juris*, or in other words, entities capable of being sued. *Malone v. Court of Common Pleas of Cuyahoga Cty.*, 344 N.E.2d 126, 128 (1976); *see also Black v. Montgomery Cty. Common Pleas Court*, No. 3:18-cv-00123, 2018 U.S. Dist. LEXIS 93697, at *3-4, 2018 WL 2473560, at *1 (S.D. Ohio June, 4 2018); *Jones v. Singer*, No. 3:16-cv-142, 2017 U.S. Dist. LEXIS 6176, at *2, 2017 WL 175798, at *1 (S.D. Ohio Jan. 17, 2017). "Absent express statutory authority, a court can neither sue nor be sued in its own right." *State ex rel. Cleveland Municipal Court v. Cleveland City Council*, 296 N.E. 2d 544, 546 (Ohio 1973). In addition to courts, other county public offices are also not *sui juris*. *See Barrett v. Wallace*, 107 F.Supp. 2d 949, 954 (S.D. Ohio 2000) (finding the county Sheriff's office no a legal entity capable of being sued); *McGuire v. Ameritech Services, Inc.*, 253 F.Supp. 2d 988, 1015 (S.D. Ohio 2003) (finding counties are not *sui juris*); *Cunningham v. Pierce*, No. 3:13-cv-00213, 2013 U.S. Dist. LEXIS 128977, at *8, 2013 WL 4832800, at *3 (S.D. Ohio Sept. 10, 2013) adopted by *Cunningham v. Pierce*, No. 3:13-cv-00213, 2013 U.S. Dist. LEXIS 144691, 2023 WL

5537639 (S.D. Ohio Oct. 7, 2023) (finding county jail is not *sui juris*); *Lenard v. City of Cleveland*, 2017 U.S. Dist. LEXIS 102206, at *6, 2017 WL 2832903, at *2-3 (N.D. Ohio, 2017) (holding that a county prosecutor's office is a sub-unit of a county government and is not itself *sui juris*).

Moreover, Ohio courts have held that a clerk of courts office is not *sui juris* because it is an administrative unit of the county court. *Johnson v. Cuyahoga Cnty. Juvenile Court Clerk's Office,* No. 1:21-cv-02109, 2023 U.S. Dist. LEXIS 17921, at *18, 2023 WL 1469465, at *6 (N.D. Ohio Feb. 2, 2023). "Administrative units of a local government . . . are not *sui juris* because they lack the power to sue, and cannot be sued absent positive statutory authority." *Elkins v. Summit Cty.*, 2008 U.S. Dist. LEXIS 17056, 2008 WL 622038, at *6 (N.D. Ohio Mar. 5, 2008). Thus, when an office, department, or court is named broadly as a party to a suit and there is no statutory authority, the entity is not *sui juris. See Black*, 2018 U.S. Dist. LEXIS 93697 at *4; *Johnson*, 2023 U.S. Dist. LEXIS 17921 at *18.

Defendant relies on *Johnson v. Cuyahoga Cnty. Juvenile Court Clerk's Office*, where the court found the clerk's office, as an administrative arm of the juvenile court, was not *sui juris*. (Doc. No. 10 at PageID 48 citing *Johnson*, 2023 U.S. Dist. LEXIS 17921 at *18.) However, this reliance is misplaced. In *Johnson*, the court granted the motion to dismiss as to the *office* of the clerk, but denied the motion to dismiss as to the *individual* employees named within the office. *Id.* Similarly, the court in *State ex rel. Andrews v. Lake Cnty. Court of Common Pleas* dismissed the claims against the Court of Common Pleas because the court itself was not *sui juris*, but the claims against the *individual* judges named in the complaint were still valid. 170 Ohio St. 3d 354, 354 fn. 1 (Ohio 2022).

If Plaintiff had only named the *office* of the Clerk of Courts for MCCCP, then Defendant would not be *sui juris*. However, Plaintiff named Mike Foley, as an individual in his official

5

capacity as Clerk of Courts. Consistent with Ohio law, Foley is capable of being sued in his official capacity and is, therefore, *sui juris*. *See Johnson*, 2023 U.S. Dist. LEXIS 17921 at *18.

### B. Sovereign Immunity

Plaintiff's claims are also not barred by sovereign immunity. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). Under the Eleventh Amendment, federal courts lack subject-matter jurisdiction "when a citizen sues his own State unless the State waives its immunity or Congress abrogates that sovereign immunity." *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015). State officers sued in their official capacities receive the same immunity as the states themselves. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, "county officials who act in the capacity of a state official in enforcing state law that affords no discretion can be considered a state official and gain Eleventh Amendment Immunity." *Rice v. Leis*, No. 1:04-cv-00021, 2005 U.S. Dist. LEXIS 31369, at *12, 2005 WL 3216626, at *4 (S.D. Ohio Nov. 29, 2005) (citing *Gottfried v. Med. Planning Servs. Inc.*, 280 F.3d 684, 692-93 (6th Cir. 2002)).

The Supreme Court limited the doctrine of sovereign immunity in *Ex parte Young*, finding sovereign immunity does not bar "certain suits seeking declaratory and injunctive relief against state officers in their official capacities" when there is a violation of federal law. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997); *see also Ex parte Young*, 209 U.S. 123 (1908). The *Young* doctrine "allows plaintiffs to sue officers, irrespective of immunity, to enjoin their future actions on behalf of the state if those actions would violate the federal constitution." *Universal Life Church Monastery Storehouse v, Nabors*, 35 F.4th 1021, 1040 (6th Cir. 2022)

(citing *Ex parte Young*, 209 U.S. at 160). This limitation on sovereign immunity allows "federal courts to vindicate federal rights." *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 105 (1984). In these circumstances, the courts apply a "legal fiction" where the state official is not the state for purposes of sovereign immunity, allowing the state official to be sued for violating federal law for non-monetary relief, like an injunction. *See Stewart*, 563 U.S. at 248; *Ex parte Young*, 209 U.S. at 155-60.

In determining whether *Young* applies, "a court need only conduct a 'straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Md. Inc. v. PSC*, 535 U.S. 635, 645 (2002) (citing *Idaho*, 521 U.S. at 296). Enjoining an officer under *Young* "is appropriate when there is a real possibility the official will take legal or administrative actions against the plaintiff's interests." *Russell*, 784 F.3d at 1048.

In his Motion, Defendant implicitly raises sovereign immunity concerns, relying on *Lloyd v. Pokorny* to assert that Plaintiff's request for injunctive relief does not change the invalid nature of naming the Clerk as a party. (Doc. No. 10 at PageID 48.) In *Lloyd*, the court dismissed all claims against Portage Courthouse, a municipal court, under the Eleventh Amendment. *See Lloyd v. Porkorny*, No. 2:20-cv-2928, 2020 U.S. Dist. LEXIS 137399, at *16, 2020 WL 4455547, at *11-12 (S.D. Ohio Aug. 3, 2020). The court also dismissed all claims against the defendants named in their official capacities for damages and prospective injunctive relief arising out of violations of *state* law. *Id*. The court did not dismiss the claims against the individual defendants named in their official capacity for prospective relief for ongoing violations of *federal* law.[2] *Id.* Defendant's reliance is again misplaced.

---

[2] The court also upheld claims against Portage County and the individual defendants in their personal capacities for money damages. *Id.*

Conducting a "straightforward inquiry" in the instant action, Plaintiff's complaint clearly alleges an ongoing violation of federal law. (*See* Doc. No. 1 at PageID 4.)  Namely, Plaintiff alleges Defendant's e-filing policy violates the First Amendment by depriving the press access to new civil complaints. (*Id.*)  Defendant is appropriately named in the instant action, as his administrative actions as Clerk of MCCCP in the current processing of newly filed civil complaints allegedly violates Plaintiff's interests under the First Amendment.  Here, Plaintiff has requested declaratory and injunctive relief pursuant to federal law. (Doc. No. 1 at PageID 1.)  Plaintiff properly named Defendant, Foley in his official capacity for alleged violations of the First Amendment and properly requested prospective relief.  The instant action falls squarely within the *Ex parte Young* exception to sovereign immunity.

**CONCLUSION**

For the reasons stated above, the Court **DENIES** Defendant's Motion to Dismiss (Doc. No. 10).

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, January 26, 2024.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE